# BISHOP'S HEIRS v. HAMPTON.

1. A posthumous child may claim by descent as an heir of its father, and may join with its elder brothers and sisters, in an action for the recovery of the possession of the lands descended.

Writ of Error to the Circuit Court of St. Clair.

This was an action of trespass to try titles, &c. to certain tracts of land, particularly described in the indorsement on the writ and in the declaration. The defendant demurred to the declaration, his demurrer was overruled, and thereupon the cause was submitted to the jury, upon an issue which, by consent, allowed the admission of all evidence, material to either party—a verdict was returned for the defendant, and judgment was rendered accordingly. From a bill of exceptions, sealed at the plaintiff's instance, it appears that the plaintiffs, excepting Jeffrey H. Richardson, the husband of one of them, were the children of Harris G. Bishop, deceased, by his lawful wives, who died before the institution of this suit. One of the plaintiff's witnesses stated on cross-examination, that he believed that the youngest of the plaintiffs was born after the death of his ancestor, but on re-examination stated, that it was possible he was a posthumous child; that he knew nothing certainly about the time of his birth. The plaintiff moved to exclude this evidence, but the court overruled the objection, and permitted it to go. to the jury. Upon this testimony the court charged the jury, that if the youngest plaintiff was born after the death of his father, then there was a misjoinder of plaintiffs, and they cannot recover in this action, that the right to sue in this action is confined only to such of the children of the deceased ancescestor, as were born at the time of his death. To this charge the plaintiff excepted.

After the jury had retired from the bar, and deliberated for several hours, they returned into court for instructions, when the charge above stated was repeated. Thereupon the plain-

tiffs prayed that other instructions, specially set out in the bill of exceptions, might be given to the jury; but this prayer was denied—the court not believing it proper at that time to give additional charges for either party.   The plaintiff again excepted.

Previous to the withdrawal of the jury from the court, the plaintiffs prayed the court to charge the jury, that the evidence of the witness, who testified as to the birth of the youngest child, was not of itself sufficient to prove that he was born after the death of the ancestor.   This charge was also denied, and the plaintiffs excepted.

M. J. TURNLEY, for the plaintiff in error, cited 2 Bl. Com. 201, 446; 2 Kent's Com. 408; Clay's Dig. 168, 191.

S. F. RICE, for the defendant in error, cited 3 Ala. Rep. 679, 747; 5 Porter's Rep. 270; 9 Id. 195; 9 Ala. Rep. 791, 861, 965; 1 Salk. Rep. 227; 1 Freem. Rep. 244; 2 Vern. R. 710; 2 Atk. R. 117; 3 Wils. R. 526.

COLLIER, C. J.—The declaration, as well as bill of exceptions, affirm that the plaintiffs claim the land in controversy, as the heirs at law of Harris G. Bishop, deceased; and the bill of exceptions describes them as his children, by wives who died before the commencement of the suit.   This is quite sufficient to show, that the plaintiffs claim as heirs of their father, and is an answer to the supposition of the defendant's counsel, that the land may have been the estate of the first wife, and she the mother of all the children but the youngest; and that if this were so, (as might be intended against the party excepting,) no injury has resulted from the ruling of the court.

An infant in *ventre sa mere* is supposed in law to be born for many purposes.   It is said to be capable of having a legacy, or a surrender of a copy-hold estate made to it—to have a guardian assigned to it—to take by descent, and to have an estate limited to its use, and to take afterwards by such limitation, as if it were then actually born.   But in the case of descent, the presumptive heir may enter and receive the profits for his own use until the birth of the child.   [1.

Steph. Com. 129, 130, and citations in the notes. See also; 4 Dane's Ab. 540, 545, 553 ; Clay's Dig. 597, § 6.] The law has been so long and so satisfactorily settled, that it is needless to extend this opinion, by adding to the authorities referred to. It is perfectly clear, that the circuit court misapprehended the law, in charging the jury that the posthumous child, if indeed one of the plaintiffs was born after the death of the ancestor, could not join with its brothers and sisters in an action for the recovery of the lands descended. In respect to the ruling upon the other points, no question can arise upon a future trial, and we therefore decline their consideration. Let the judgment be reversed and the cause remanded.